INHABITANTS OF GORHAM

*vs.*

TRUSTEES OF THE MINISTERIAL FUND in the First Parish in Gorham in the County of Cumberland.

Cumberland County.   Opinion March 4, 1912.

*Taxation. Exemptions. Religious Societies. "Land." "Charitable Institution." Ministerial Funds. Statute (Mass.) 1801, chapter 28; 1816 (Mass.) chapter 115. Statute, 1845, chapter 159, section 10, paragraph 8; 1855, chapter 178; 1856, chapter 279; 1857, chapter 30; 1864, chapter 245, section 2. Act of Separation, [Revised Statutes, 1883, page 1005,] section 1, paragraph 7. Revised Statutes, 1857, chapter 6, sections 6, 14, clause 9; 1903, chapter 9, section 6, clause II, section 13, clause IX.*

Even if lands granted by Massachusetts to a parish for ministerial purposes before the separation of Maine would be embraced by Revised Statutes, chapter 9, section 6, clause II, and the Act of Separation [Revised Statutes, 1883, page 1005] section 1, paragraph 7, exempting lands granted to religious societies, etc., the exemption does not apply to lands sold under authority from Massachusetts before the Act of Separation was passed.

Act of Separation from Massachusetts [Revised Statutes, 1883, page 1005] section 1, paragraph 7, exempting from taxation "lands" theretofore granted to any religious society, etc., while the same continue to be owned by such society, does not exempt a fund created from the proceeds of a sale of such lands.

A corporation established to manage and apply a fund toward the support of a minister is not a "charitable institution" within a statute exempting the property of such institutions from taxation.

Under Revised Statutes, 1903, chapter 9, section 13, clause IX, providing that personalty held by religious societies shall be assessed in the town where the societies usually hold their meetings, a ministerial fund is taxable.

On report. Judgment for plaintiffs.

Action of debt to recover a tax for the year 1910, assessed upon 228 shares of bank stock owned by the defendant. An agreed statement of facts was filed and the case reported to the Law Court for determination.

The case is stated in the opinion.

*Scott Wilson and E. L. Bodge,* for plaintiffs.

*John A. Waterman,* for defendant.

SITTING: WHITEHOUSE, C. J., CORNISH, KING, BIRD, HALEY, HANSON, JJ.

KING, J. This case is reported to the law court on an agreed statement of facts. It is an action to recover an assessment of $282.24, made for the year 1910, upon 228 shares of bank stock owned by the defendant and valued at $22,800. The defence is that the property was exempt from taxation.

The defendant is a corporation incorporated under an Act of Massachusetts, approved February 5, 1802, entitled "An Act authorizing the sale of Ministerial lands in the first Parish in Gorham to raise a fund for the support of the Ministry and appointing Trustees for those purposes."

Under the provisions of that Act the defendant corporation was authorized to sell and convey all the Parsonage and Ministerial lands belonging to said Parish, and to put at interest the proceeds thereof, and the interest accruing thereon, "until a fund shall be accumulated which shall yield yearly the sum of four hundred dollars interest." The Act further provides, "that as soon as an interest to that amount shall accrue, the Trustee shall forthwith apply the same for the annual support of the Congregational Minister which may then be settled in said Parish, or which may there-

after be settled there. And so long as the said Parish shall remain without a settled Minister, the annual interest aforesaid shall be put out at interest and secured as aforesaid to increase the said fund until there be a settlement of a Minister—And it shall never be in the power of said Parish to alienate or any wise alter the fund aforesaid."

The agreed statement recites: "That said bank stock was purchased from funds or the accumulations thereof received from the sale of its parsonage and certain ministerial lands belonging to said First Parish of said town of Gorham in accordance with the provisions of the above act, and also from four certain bequests to said defendant corporation amounting in all to three thousand two hundred forty-three dollars and eighty-seven cents ($3,243.87); that said ministerial lands were granted to said First Parish of the town of Gorham by the Commonwealth of Massachusetts for ministerial purposes at the time of the incorporation of said town in 1764."

The defendant's contention is, as we understand it, that the property assessed (at least so much of it as was not purchased from the proceeds of the bequests) is within that part of subdivision II, sec. 6, chap. 9, R. S., which exempts from taxation, "All property which by the articles of separation is exempt from taxation."

The last sentence of paragraph "Seventh" of sec. 1 of the Act of Separation of the District of Maine from Massachusetts, reads: "And all lands heretofore granted by this Commonwealth, to any religious, literary or eleemosynary corporation, or society, shall be free from taxation, while the same continues to be owned by such corporation, or society." It is specified in the agreed statement, as above quoted, that the lands sold, from the proceeds of which the property assessed was purchased, "were granted to said First Parish of the town of Gorham by the Commonwealth of Massachusetts for ministerial purposes at the time of the incorporation of said town in 1764."

The argument in support of the defendant's contention is, therefore this: first, that if the lands granted to the First Parish of Gorham had not been sold they would have been exempt from taxation under said exempting clause of the Act of Separation; and, second, that by the sale of the lands, under the Act of Feb-

ruary 5, 1802, the property was merely changed from one form to another—from real estate to a fund unmistakably identified as its substitute—and that the fund likewise remains exempt.

But the exempting clause of the Act of Separation now under consideration expressly provides that the lands granted to the corporations or societies therein mentioned were to be exempt from taxation only "while the same continued to be owned by such corporation, or society." Obviously this exemption could not. be held to apply to any lands which were not owned at the time of the passage of the Act of Separation by some corporation or society therein referred to.

So then, if it should be conceded that the lands which Massachusetts had granted in 1764 to the First Parish of Gorham for ministerial purposes would be embraced in an exemption of lands granted "to any religious, literary or eleemosynary corporation or society," still we think the exemption in question was not applicable to those lands, because they had been sold under the express authority of Massachusetts long before the Act of Separation was passed, as we think it must be reasonably inferred from the report, and were not then owned by said First Parish of Gorham.

Neither do we think it can be held that the fund, which was created from the proceeds of the sale of the lands, is exempt from taxation, under this exempting clause of the Act of Separation, on the theory suggested, that the property was only changed in form by the sale. Indeed it seems a natural and indisputable conclusion, from the language used in that clause, *"all lands* heretofore granted .    .    . shall be free from taxation, *while the same continues to be owned* by such corporation, or society," that only the *lands,* and not the proceeds thereof, when sold, were to be free from taxation. It may not be necessary to suggest anything further to strengthen that conclusion, and yet much support is given to it in the fact that the proceeds of the sale of these lands had been constituted a ministerial fund by a special Act of Massachusetts, passed many years before the Act of Separation, and containing no provision that the fund so constituted should be free from taxation. Had it been the purpose of Massachusetts that the proceeds of the sale of these lands should remain free from taxation, it is at least reasonable to suppose that it would have been so provided in the special Act by which those proceeds were constituted a ministerial

fund. The strong presumption therefore, is that the clause of exemption contained in the Act of Separation was not intended to apply to the proceeds of the sale of the lands therein mentioned. "All doubt and uncertainty as to the meaning of a statute is to be weighed against exemption. Taxation is the rule and exemption the exception." *Auburn* v. *Y. M. C. A. Association,* 86 Maine, 244, 247.

It is therefore the conclusion of the court that the property assessed was not exempt under our statute as property made free from taxation by the Act of Separation, and accordingly the determination of this case might safely rest on that conclusion. But we present some further considerations as pertinent to the fundamental question here involved, whether this fund held by the defendant as trustee was taxable in Gorham.

In the absence of any evidence or stipulation to the contrary, we think the funds received by the defendant from the several bequests made to it as mentioned in the agreed statement, must be regarded as held by it for the same uses and purposes as the funds received by it for the sale of the lands. Hence it follows that all the property assessed represented a ministerial fund, which the defendant corporation held as trustee for the uses and purposes expressed in the Act of February 5, 1802.

It has not been argued that this fund, so held by the defendant, is specially exempted under our statute as the property of a charitable or benevolent institution, and for that reason, perhaps, we may regard it conceded that no such exemption is claimed. But we will add that it is now well settled that a corporation, established to manage and apply a fund towards the support of a minister, is not a charitable institution. *Trustees of the Green Foundation* v. *City of Boston,* 12 Cush, 54, 59.

But, moreover, an examination of the various statutory enactments in this State relating to the taxation of a miniserial fund shows plainly we think a legislative purpose to make such a fund taxable. In the tax Act of 1845 (Chap. 159, sec. 10, par. eighth) it was provided: "All property held by any religious society as a ministerial fund shall be assessed to the treasurer of such society" &c. This provision, however, was repealed in 1855 (Chap. 178). And, in turn, that repealing Act of 1855 was repealed in 1856 (Chap. 279). Again in 1857, (Chap. 30) this provision of the tax

Act of 1845, providing for the assessment of a ministerial fund, was once more repealed, and such a fund was expressly included in the enumerated exemptions from taxation. In the Revised Statutes of 1857 the law so appears, and it so remained until 1864 when, by chapter 245 of the laws of that year, the *exemption* of a ministerial fund was repealed, and it was then further expressly enacted that "The property held by any religious society as a ministerial fund shall be assessed to the treasurer of such society; and if it be real estate, it shall be assessed in the town where it is situated; and if it consists of personal property it shall be assessed in the town where such society usually hold their meetings."

We find no other special legislation touching the subject. In the revision of 1871 there is no exemption from taxation of a ministerial fund, as there was in the revision of 1857, but, on the other hand, clause eighth of sec. 14, c. 6, reads: "Personal property held by religious societies shall be assessed to the treasurer thereof in the town where such societies usually hold their meetings." It will be noticed that no express mention is made in this clause of the revision of a *ministerial fund,* but in the margin of the revision against this clause is the reference "1864, c. 245, § 2," showing that this clause of the revision is the revised expression of the specific statute wherein it was re-enacted that property held by any religious society *as a ministerial fund* should be taxed. And in the absence of any express legislation changing the meaning of the Act of 1864, we think it should not be held that the clause as expressed in the condensed and concise language of the revision does not embrace a ministerial fund. *St. George* v. *Rockland,* 89 Maine, 43, 45. Precisely the same language is used in the revisions of 1883 and 1903. (R. S., 1883, c. 6, sec. 14, cl. IX; R. S., 1903, c. 9, sec. 13, cl. IX.)

If property held by a religious society as a ministerial fund is expressly made taxable by statute, as we think the above mentioned provisions clearly show, then it would seem to follow that property, the title to which is in a corporation created expressly for the purpose of holding and administering it as a ministerial fund, should not be held free from taxation in the absence of an express exemption thereof.

Finally, we think the case of *Baldwin* v. *Trustees of Ministerial Fund,* 37 Maine, 369, may be cited as an authority directly in point

that the property assessed in the case at bar was taxable. In that case, as in this, the defendants were incorporated as trustees under an Act of Massachusetts, passed in 1816, which appears to have been like, if not identical with, the Act in this case. Under the provisions of that Act lands, which had previously been reserved by Massachusetts for Baldwin for the support of the ministry, were sold, in 1818, and the proceeds became under the provisions of the Act, a ministerial fund held by the defendants as trustees, the same as in this case. The fund was there taxed to the defendants, and it was held that it was properly so taxed. The question raised in this case, that the fund was exempt under the exempting clause of the Act of Separation, was not raised by counsel in that case, and was not considered in the opinion of the court. In other respects that case seems to be on all fours with this.

In Trustees of the *Greene Foundation* v. *Boston,* supra, a Ministerial fund held by a corporation as trustee, incorporated under a special Act of Massachusetts for the purpose, was held taxable to the corporation. The forceful reasoning of the learned Chief Justice Shaw as expressed in that case throws light upon some of the questions involved in this case.

No other question is raised as to the assessment of the tax, and it is admitted that all the required statutory proceedings essential to the maintenance of a suit for taxes were complied with.

For the reasons stated it is the opinion of the court that the property assessed in this case was not exempt from taxation, and was lawfully taxed to the defendant, and in accordance with the stipulation of the report the defendant is to be defaulted for the amount of the assessment.

*Defendant defaulted.*
*Judgment for plaintiff for $282.24.*